# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )

MCKINNEY – BYRD ACADEMY )
PUBLIC CHARTER SCHOOL, )
                  )
        Plaintiff, )
                  )
        v. )         Civil Action No. 04-02230  (RBW)
                  )
DISTRICT OF COLUMBIA, )
                  )
        Defendant. )
_____ )

## MEMORANDUM OPINION

_____The plaintiff brought this action to challenge a decision of the District of Columbia

Public Charter School Board denying the plaintiff's application to become a public charter

school.  Complaint ("Compl.") ¶¶ 3, 7.  Currently before the Court are (1) the defendant's

Motion to Dismiss or in the Alternative for Summary Judgment ("Defs.' Mot.") and their

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the

Alternative for Summary Judgment ("Defs.' Mem."); (2) the plaintiff's Memorandum in

Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"); and (3) the defendant's Reply

Memorandum in Support of Defendant's Motion to Dismiss or in the Alternative for Summary

Judgment ("Defs.' Reply").  For the reasons set forth below, the Court grants the defendant's

motion.

1

## I.   <u>Background</u>

The plaintiff, the McKinney-Byrd Academy Public Charter School ("McKinney-Byrd"), a District of Columbia chartered corporation, sought to establish a public charter school in the District of Columbia.  Compl. ¶¶ 2, 4.  On June 1, 2004, McKinney-Byrd submitted its application to the District of Columbia Public Charter School Board ("Board").  Compl. ¶ 4. However, on August 18, 2004, McKinney-Byrd received notice that the Board had denied its request to become a charter school.  <u>Id.</u> ¶ 5.  On December 27, 2004, the plaintiff filed this action challenging the Board's decision.  The plaintiff alleges that the Board unlawfully denied its application to establish a public charter school in violation of the District of Columbia School Reform Act of 1995 ("School Reform Act"), D.C. Code Ann. § 38-1800, <u>et seq.</u> (2001).  <u>See</u> Compl. ¶ A; Pl.'s Opp'n at 2.

The defendant seeks to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), or in the alternative request that summary judgment be entered in its favor pursuant to Rule 56.  Defs.' Mot. at 1.

## II.   <u>Standard of Review</u>

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."  <u>Pitney Bowes, Inc. v. United States Postal Serv.</u>, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  In reviewing such a motion, this Court must accept as true all the factual allegations contained in the complaint.  <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993). Additionally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court

is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Sci., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).[1]

### III.    Legal Analysis

The defendant has moved to dismiss pursuant to Rule 12(b)(1) contending that this Court lacks subject matter jurisdiction over this action.  Def.'s Mem. at 7.  As a Court of limited jurisdiction, this Court may only adjudicate cases over which it possess subject matter jurisdiction.  See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997). The plaintiff contends that "[j]urisdiction of this Court is founded in 28 U.S.C. [§] 1331, the District of Columbia School Reform Act of 1995, Sec. 38-1800 et seq. . . . and 42 U.S.C. § 1983 et seq."  Compl. ¶ 1.  However, despite the plaintiff's arguments to the contrary, these provisions do not confer subject matter jurisdiction on this Court.  The Court will address each provision in turn.

**(A)    Section 1331 and the District of Columbia School Reform Act**

**Section 1331 confers on district courts original jurisdiction over all civil actions where the matter in controversy arises under the Constitution, laws, or treaties of the United States, or actions in which the controversy is a "federal question."   28 U.S.C. §**

---

[1] Because the Court concludes that dismissal is proper under Rule 12(b)(1), the Court need not review the standards of review applicable to Rule 12(b)(6) or Rule 56.

1331.  The defendant argues that because the matter in controversy does not arise under a generally applicable law of the United States, but instead under a law enacted by Congress acting as the District of Columbia's local legislature, this Court does not posses subject matter jurisdiction over the plaintiff's claim.  Defs.' Mem. at 7-8.  In response, the plaintiff avers that because the School Reform Act was enacted by Congress, it provides for the exercise of federal jurisdiction over cases arising under the School Reform Act.  Pl.'s Resp. at 6.  The plaintiff's argument simply misses the mark.

Courts in this jurisdiction routinely conclude, pursuant to the District of Columbia Self-Government and Governmental Reorganization Act ("Home Rule Act"), D.C. Code Ann.   § 31-101 (2001), that if an act of Congress applies exclusively to the District of Columbia, it does not provide for the exercise of federal question jurisdiction under Section 1331.  See Thomas v. Barry, 729 F.2d 1469, 1471 (D.C. Cir. 1984) (explaining that because an Act of Congress did not apply exclusively to the District of Columbia, the Act provided a basis for the exercise of federal question jurisdiction in federal courts);  Roth v. District of Columbia Courts, 160 F. Supp. 2d 104, 108 (D.D.C. 2001) (noting that when a provision of law is enacted by Congress acting as the local legislature for the District of Columbia and is exclusively applicable to District of Columbia, it does not provide federal question basis for federal jurisdiction).  The District of Columbia Circuit has clearly enunciated the standard for determining if a law is exclusively applicable to the District of Columbia.   In District Properties Associates v. District of Columbia, the Court stated that

> [w]hen Congress acts as the local legislature for the District of Columbia and enacts legislation applicable only to the District of Columbia and tailored to meet specifically local needs, its

> **enactments should – absent evidence of contrary congressional intent – be treated as local law, interacting with federal law as would the laws of the several states.**  _____

743 F.2d 21, 27 (D.C. Cir. 1984) (emphasis added); <u>see also</u> <u>Roth</u>, 160 F. Supp. 2d at 108.

A close reading of the School Reform Act compels the conclusion that it applies exclusively to District of Columbia, and therefore should be treated as local law.  <u>See</u> D.C. Code Ann. § 38-1800.  First, the School Reform Act is codified in District of Columbia Code, not the United States Code.  <u>Id.</u>  Additionally, the text of the School Reform Act clearly indicates its exclusive application to the District of Columbia.  For example, D.C. Code Ann. § 38-1801.01 directs the Superintendent of Public Schools for the District of Columbia to create a long-term reform plan for the <u>District of Columbia</u> public schools by indicating how the <u>District of Columbia</u> public schools will accomplish various goals, including: the improvement of the health and safety of students in <u>District of Columbia</u> public schools, § 38-1801.01(b)(1)(C); the achievement of literacy, and the possession of the knowledge and skills necessary to think critically and communicate effectively by students attending <u>District of Columbia</u> public schools prior to the eighth grade, § 38-1801.01(b)(1)(G); and the development of community schools that enable the <u>District of Columbia</u> public schools to collaborate with nonprofit agencies, organizations and local businesses, § 38-1801.01(b)(1)(M).  Thus, on its face, the School Reform Act makes clear that it is applicable only to the District of Columbia and is tailored to address the specific needs of the District of Columbia.  <u>See</u> D.C. Code Ann. §§ 38-1800 to 38-1809.  Moreover, the plaintiff points to no evidence of congressional intent that the School Reform Act should be treated as anything other than a local law, and this Court can find none.

**Therefore, because Congress was acting as a local legislature in enacting the School Reform**

**Act, and because the School Reform Act applies exclusively to the District of Columbia, the**

**School Reform Act does not permit this Court to exercise federal question jurisdiction in**

**this case pursuant to 28 U.S.C. § 1331.[2]**

**(B)    Section 1983**

**In addition to Section 1331, the plaintiff alleges that 42 U.S.C. § 1983 confers**

**jurisdiction on this Court to hear its case.[3]  Compl. ¶ 1; Pl.'s Resp. at 6.  Section 1983**

**allows a party to bring a civil action asserting a violation of federal or constitutional law.**

**42 U.S.C. § 1983 (2000).  However, "[Section] 1983 is 'not a jurisdictional statute; [but]**

**only fashions a remedy.'"  See Rogers v. Boots, 1992 WL 182292, *1 (D.D.C. July 15, 1992)**

**(citing Gonzalez v. Young, 560 F.2d 160, 164 (3rd Cir. 1977)).  Thus, to bring an action**

**under Section 1983, a plaintiff must establish subject matter jurisdiction through another**

**means.  Here, the plaintiff has provided no independent basis for this Court to exercise**

---

[2] The plaintiff also appears to contend that the School Reform Act itself confers jurisdiction on this Court. Pl.'s Opp'n at 6.  This argument is totally without merit.  The School Reform Act states that "[a] decision by an eligible chartering authority to deny a petition to establish a public charter school shall be subject to judicial review by an appropriate court of the District of Columbia." D.C. Code Ann. § 38-1802.03(j)(2) (emphasis added).  This provision serves two purposes: (1) it subjects decisions made by the Board to judicial review, and (2) it indicates that judicial review can be sought either in the Superior Court of the District of Columbia, see Richard Milburn Pub. Charter Alternative High Sch. v. Cafritz, 798 A.2d 531, 539 (D.C. 2002) (applying the judicial review provision of § 38-1802.13(c)(6), another section of the School Reform Act, which contains substantially identical language to the judicial review provision in § 38-1802.03(j)(2), the District of Columbia Court of Appeals noted that an appropriate court of the District of Columbia is the Superior Court), or the District of Columbia Court of Appeals.

[3] It is curious that the plaintiff argues that 42 U.S.C. § 1983 confers jurisdiction on this Court in this case because Section 1983 is a civil rights statute, which provides a vehicle for a party to bring a civil action in federal court that asserts a violation of federal or constitutional law.  Here, the plaintiff does not allege a civil rights violation.  Instead, the plaintiff alleges that the District of Columbia, acting through the Board, violated local law — the District of Columbia School Reform Act of 1995, D.C. Code Ann. § 38-1800, et seq. (2001).  Moreover, Section 1983 specifically directs that "[f]or the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 (2000).  This language specifically conflicts with the plaintiff's position.

subject matter jurisdiction over this action.  In fact, the plaintiff alleges a violation of local

law — specifically, a violation of the District of Columbia School Reform Act of 1995, D.C.

Code Ann. § 38-1800, et seq. (2001) — which as already indicated provides a basis for this

Court exercising jurisdiction over this action.  As such, even if this Court could construe

Section 1983 as a jurisdictional statute, Section 1983 would not afford this Court authority

to assert jurisdiction over this controversy as it concerns an alleged violation of local law.

Accordingly, the plaintiff's position concerning Section 1983 must be rejected.

## IV.   Conclusion

Because the Court lacks subject matter jurisdiction to adjudicate this controversy,

the Court has no authority to entertain it.  For that reason, the defendant's motion to

dismiss is granted.


SO ORDERED this 21st day of July, 2005. [4]


REGGIE B. WALTON
United States District Judge

_____

[4] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.